## ELISHA C. SPRAGUE
### v.
## WILLIAM G. HARDS ET AL.

PARTIES.—The cause must be heard as to all the parties to the writ of error. The submission is set aside, and the cause continued for the purpose of bringing in the necessary parties.

ERROR to the Circuit Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed October 22, 1885.

This was a proceeding in chancery, under the statute, by Hards and O. B. Green against Sprague, plaintiff in error, and others, for a mechanic's lien for work and materials done and furnished in the erection, by Sprague, of a building on the land described in the petition of Hards, filed December 23, 1873, in which case said Green intervened. Sprague's interest in the land was that of lessee for a term of years, and was subject to a mortgage on the land given to the Connecticut Mutual Life Insurance Company by the owners of the reversion, and recorded before Sprague's lease. Suit by the insurance company to foreclose that mortgage was pending in the United States Circuit Court for the Northern District of Illinois, when the contracts for said work and materials were made. And, before any decree in this present case, there was a decree in said foreclosure suit, sale, and conveyance of the premises to one Jacob L. Greene. The insurance company was made a party to the original petition and Jacob L. Greene was afterward brought in, and both the insurance company and Greene answered, setting up the mortgage and foreclosure proceedings. Sprague did not set them up nor in any way challenge the jurisdiction of the court below.

On hearing upon pleadings and proofs, the court found that Sprague had an interest in the land at the commencement of this suit, but that he had none at the time of the hearing;

that said mortgage operated as an incumbrance on the building which Sprague erected after it was created, and that because of the pendency of the suit to foreclose, when the building was being erected, petitioners acquired no lien upon the building, and dismissed the petitions as to the insurance company and Jacob L. Greene, but rendered a personal decree against Sprague in favor of Hards, for $2,231.25, and O. B. Green for $1,596. Sprague brings the case here by writ of error, in which the Connecticut Mutual Life Insurance Company and Jacob L. Greene and others, are mentioned as parties, but none of them have been brought in by service or appearance except Hards and O. B. Green, and their counsel make the point of want of necessary parties.

Mr. I. K. Boyesen, for plaintiff in error.

Messrs. Quick & Miller, and Mr. John S. Miller, for defendants in error.

McAllister, J. We have examined this record so far as to convince us that two important questions are involved. The first is, whether in view of the provisions of sections 25 and 9 of the statute, the court below was warranted in rendering a personal decree against Sprague and awarding an execution thereon, there having been no sale ordered, and a deficiency ascertained as prescribed in said section 25. It was claimed by defendants in error that inasmuch as the court found no interest in Sprague, at the time of the decree, a sale would have been a mere useless act, and the law would not require it; that the general principles of equity would apply. It has occurred to us that section 9 makes those principles applicable, " except as is otherwise provided in this act." What effect that exception has we are not prepared to say, and counsel have made no suggestion in regard to it. The second question is, whether in view of the provisions of section 17, the pendency of the foreclosure suit would cut off petitioners from the benefit of that section as respected the building.

We find that we can not properly determine the questions

without having the said insurance company and Jacob L. Greene brought in by service. The cause must be heard as to all the parties to the writ of error. State Bank v. Wilson, 3 Gilm. 89; Carey v. Giles, 10 Geo. 1; 2 Tidd's Pr. 1134. The submission will therefore be set aside, and the cause continued for the purpose of bringing in the necessary parties.